[No. 34146. Department One. August 29, 1957.]

M. C. TURNER, *Respondent*, v. DAVID S. GILMORE *et al.*, *Appellants*.[1]

*John E. Belcher*, for appellants.

*Stanley N. Kasperson*, for respondent.

[1]Reported in 314 P. (2d) 658.

830

HILL, C. J.—David S. Gilmore appeals from a judgment which enjoins him from using the trade name West Seattle Realty.

The injunction was secured by M. C. Turner, whose right to use that trade name until November, 1953, is not questioned. At that time, he ceased using the name Turner's West Seattle Realty in his advertising, and operated under the name of Turner Realty, or M. C. Turner Realty Co., which is the name under which he is presently registered with the real-estate division of the state department of licenses.

We have twice spelled out in some detail the law with reference to the use of trade names: *Foss v. Culbertson* (1943), 17 Wn. (2d) 610, 136 P. (2d) 711; *Seattle Street R. & Municipal Employees Relief Ass'n v. Amalgamated Ass'n of Street Elec. R. & Motor Coach Employees of America* (1940), 3 Wn. (2d) 520, 101 P. (2d) 338.

■ The only question with which we are concerned is whether Turner abandoned the use of the trade name West Seattle Realty. If there has been no abandonment, Turner's right to use it should be protected and the trial court must be affirmed; conversely, if there has been an abandonment, the trial court erred in enjoining Gilmore's use of it. The question of whether there has been an abandonment is one of fact to be determined from all the circumstances of the case. *Foss v. Culbertson, supra.*

The trial court made a finding that Turner had not abandoned the trade name West Seattle Realty, and that he adopted the trade name of Turner Realty "for the purpose of economy in his advertising expenses."

The trial court further found that, at all times from November, 1953, to the date of trial, Turner had "displayed at his business location in West Seattle two large exterior signs reading 'West Seattle Realty'."

■ The evidence was that these signs were four feet by twelve feet, and four feet by four feet in size. There was also evidence that creditors and customers have continued to address bills and communications to Turner as West Seattle Realty, or the like. His intention to open a second of-

fice, and to use the name West Seattle Realty, was likewise found by the trial court. Another West Seattle realtor testified that efforts had been made by Turner at various times, since 1953, to obtain a suitable location for a second office in West Seattle. Contrary to the defendant Gilmore's contention, Turner was not precluded from using a different name than the one under which his license was issued. RCW 18-.85.170 (3).

■ The law with respect to abandonment is clear. An intention to abandon is ordinarily an essential element of an abandonment. *Olympia Brewing Co. v. Northwest Brewing Co.* (1934), 178 Wash. 533, 35 P. (2d) 104; *Washington Barber & Beauty Supply Co. v. Spokane Barber & Beauty Supply Co.* (1933), 171 Wash. 428, 18 P. (2d) 499; *Foss v. Culbertson, supra.*

■ To establish an abandonment, it is necessary to show not only acts indicating a practical abandonment, but actual intent to abandon. Acts, which unexplained, would be sufficient to establish an abandonment, may be answered by showing there never was an intention to give up and relinquish the right claimed. *Saxlehner v. Eisner & Mendelson Co.* (1900), 179 U. S. 19, 21 S. Ct. 7; *Olympia Brewing Co. v. Northwest Brewing Co., supra; Washington Barber & Beauty Supply Co. v. Spokane Barber & Beauty Supply Co., supra.*

■ The trial court could well conclude that non-use had not been proven, inasmuch as Turner still kept the name West Seattle Realty on the two signs on his building, and that, under all the circumstances, no intention to abandon that trade name had been established. In our opinion, the evidence preponderates in favor of the trial court's finding of no abandonment. It follows that the injunction was properly issued.

The judgment appealed from is affirmed.

MALLERY, FINLEY, WEAVER, and OTT, JJ., concur.

---

November 26, 1957. Petition for rehearing denied.