[No. 3571–II.   Division Two.   July 10, 1980.]

PUGET SOUND RENDERING, INC., *Respondent,* v. PUGET SOUND BY–PRODUCTS, *Appellant.*

---

*Randall L. St. Mary,* for appellant.
*Gerald L. Hulscher,* for respondent.

PETRICH, J.—Puget Sound By–Products, a division of Darling Delaware Company, Inc., appeals from a decree enjoining its use of the words "Puget Sound" in its trade name in connection with its plant facility in Tacoma, Washington, as well as its operations in Pierce County relating to the rendering business.

Appellant, defendant below, contends there was insufficient evidence to support the findings that the similarity of names led to confusion and that the injunction was unwarranted, or if warranted, was too broad. We affirm the issuance of an injunction, but agree with the defendant that a total prohibition of the use of "Puget Sound" is too broad in this instance, and limit the scope of the injunction.

Both parties to this lawsuit are engaged in the rendering business, which involves the collection of animal matter primarily from slaughterhouses and restaurants and processing the raw material into tallow, oils and meal.

The respondent, Puget Sound Rendering, Inc., hereafter referred to as Rendering, is a Washington corporation and has one shareholder, namely Herbert Sorensen who is its principal officer. From 1938 to 1971, Mr. Sorensen operated a rendering business with offices and a plant in Pierce County as a sole proprietorship under the name of Puget Sound Rendering Works. In 1971 Mr. Sorensen organized Rendering, and thereafter operated his business in the corporate form at essentially the same location.

Darling Delaware Company, Inc., a Delaware corporation, in 1971 purchased the assets including the name of Puget Sound By–Products Company, Inc., a Washington corporation, which had operated a rendering business headquartered in Everett, Snohomish County, Washington, continuously since 1948. Thereafter, Darling Delaware Company, Inc., operated the purchased business as "Puget Sound By–Products, a division of Darling Delaware Company, Inc.," and is the appellant herein. It shall hereafter be referred to as By–Products.

In 1972 By–Products' facility in Everett was destroyed by fire, and the collection and processing of raw material was

accomplished at other plants located far from Pierce County. In 1975 By–Products purchased another rendering business in Tacoma known as Johnson Manufacturing Company, and thereafter used the name Puget Sound By–Products, a division of Darling Delaware Company, Inc., in its Pierce County operations. In 1976 Rendering initiated this action alleging trade name infringement and unfair competition.

The evidence presented on behalf of Rendering through Mr. Sorensen and its office manager included many telephone calls and mailed or shipped items received which were actually intended for By–Products. Forty–two exhibits were introduced, consisting primarily of mail items. Plaintiff's evidence indicated that businesses serving the two firms were confused by the name similarity, as were various governmental agencies, including the Department of Labor and Industries, Department of Highways, Attorney General, Port of Tacoma, and the Bankruptcy Court.

By–Products first contends that Rendering lost its prior right to the words "Puget Sound" when it incorporated in 1971. It maintains that there was no evidence which specifically refers to the assignment of the name "Puget Sound Rendering" or other similar combination of words to the corporation when Mr. Sorensen incorporated his business into "Rendering" in 1971. By–Products therefore argues it was the first to use this name since it used "Puget Sound" before the incorporation of Rendering. This argument, however, ignores the clear inferences from the uncontested evidence that Mr. Sorensen incorporated his business, which he had operated from 1938 at the same location, into Rendering which continued the same operation and location under essentially the same name. The logical inference from these facts is that the name, with all the other assets used by Rendering, was assigned to it when the business was incorporated. The right to use a trade name belongs to the one who first uses it in connection with a particular business. *Seattle St. Ry. & Mun. Employees Relief Ass'n v. Street, Elec. Ry. & Motor Coach Employees,*

3 Wn.2d 520, 101 P.2d 338 (1940). That right is not lost where an owner of a business reorganizes it as a partnership or a corporation. *See Holmes v. Border Brokerage Co.,* 51 Wn.2d 746, 321 P.2d 898 (1958).

By–Products next contends that Rendering's only evidence of confusion of identity by the public was the receipt by Rendering's office manager of telephone calls and mail intended for By–Products, which should have been excluded because it was hearsay.

■ We disagree with By–Products' assertion that the misplaced telephone calls and misaddressed mail constituted hearsay. This evidence was offered to prove that the addressors had confused the two rendering businesses. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *Moen v. Chestnut,* 9 Wn.2d 93, 113 P.2d 1030 (1941); ER 801(c). The various suppliers and agencies that incorrectly addressed correspondence to Rendering were trying to communicate with By–Products and were not asserting they were confused between the two businesses. There is very little danger the evidence unreliably indicated that the addressors had confused the two businesses. *See* E. Cleary, *McCormick's Evidence* § 249, at 590–91 (2d ed. 1972). Improperly addressed mail has previously been relied on to establish trade name infringement, *Holmes v. Border Brokerage Co., supra,* and the court did not err in admitting this evidence in the instant case.

■ The plaintiff in a trade name infringement action must establish that defendant has infringed on the distinctive feature of his name in a manner that "tends to confuse, in the public mind" the two businesses. *Seattle St. Ry. & Mun. Employees Relief Ass'n v. Street, Elec. Ry. & Motor Coach Employees, supra* at 532; *Foss v. Culbertson,* 17 Wn.2d 610, 136 P.2d 711 (1943); *Wine v. Theodoratus,* 19 Wn. App. 700, 577 P.2d 612 (1978). Plaintiff introduced considerable evidence indicating that the public was confused by the name similarity. For instance, the Department

of Labor and Industries sent a statement regarding one of defendant's employees to plaintiff. An automobile repair firm billed plaintiff for work done on one of defendant's vehicles. A supplier shipped a specialized motor ordered by plaintiff to defendant. Plastic barrels ordered by plaintiff returned with defendant's name imprinted on them. These and many other instances of confusion established by plaintiff were sufficient to convince a fair–minded, rational person that the public was confused by the name similarity, and thus constituted substantial evidence to support the injunction. *See Helman v. Sacred Heart Hosp.*, 62 Wn.2d 136, 381 P.2d 605 (1963).

■■ Although the evidence warranted injunctive relief, the trial court's injunction was too broad in scope. Courts consider several factors to frame an injunction in a trade name infringement action. These factors include: (1) whether the trade name was vaguely descriptive or clearly nondescriptive, *i.e.*, the "appropriability" of the name; (2) the originality of the name; (3) whether or not the defendant acted in good faith; and (4) the extent of competition between plaintiff's and defendant's businesses. *Tradewell Stores, Inc. v. T.B. & M., Inc.*, 7 Wn. App. 424, 500 P.2d 1290 (1972). In *Tradewell* the trial court required the "Family Mark–It" to change its name and avoid confusion with the plaintiff's "Family Market." The trial court allowed use of the name when qualified with additional words of a personal or geographic nature, and the defendant complied by changing its name to "Al's Family Mark–It."

Requiring defendant to include additional language in the name is a less intrusive form of injunctive relief than totally precluding the use of certain words. Even where the public has been confused because certain key words are identical, Washington courts have allowed continued use of identical words subject to safeguards designed to avoid confusion. *Foss v. Culbertson, supra; Wine v. Theodoratus, supra.* Factors such as those discussed in *Tradewell Stores, Inc. v. T.B. & M., Inc.*, might, in some instances, support

totally prohibiting the use of certain words, but they do not suggest such extreme relief in the instant case. The term "Puget Sound" is vaguely descriptive in that it establishes a general area of operation. Further, the name "Puget Sound" lacks originality in western Washington. The evidence suggests that defendant acted in good faith in continuing the use of the "Puget Sound" name which had been identified with its Everett operation for many years. Although the competition between the parties appears extensive, an extreme alteration of defendant's name is unnecessary to enable those who deal with the rendering industry to distinguish between the two firms.

Casting the defendant's trade name in the form of "Darling Delaware, Inc., Puget Sound By–Products Division" or some other similar form is likely to avoid confusion between the parties' businesses. There may be other more appropriate names.

The trial court's judgment is reversed and the case remanded to the Superior Court for Pierce County with directions to amend its judgment and decree of injunction by prohibiting the defendant from using the words "Puget Sound" in its trade name unless the same are qualified by additional words which are of a descriptive or geographic nature, and which the court finds will not confuse the public as to the identity of the respective parties' businesses.

PEARSON, A.C.J., concurs.

REED, C.J. (concurring)—I concur, but believe the combination of "Puget Sound" and "By–Products" conjures up visions of a rendering business. If I am correct in this, more trouble is in the offing unless the conjunction is avoided.

Perhaps the trial court will agree and the prospect will be avoided.