[No. 4634-6-III. Division Three. December 21, 1982.]

TERRY MOOLICK, *Appellant*, v. PAUL LAWSON, *Respondent.*

*Richard M. Knoeber* and *Critchlow & Williams,* for appellant.

*Dennis Sweeney, Andrew Bohrnsen,* and *Leavy, Schultz & Sweeney,* for respondent.

GREEN, J.—Terry Moolick brought this action against Paul Lawson, the owner of a mobile home park, to recover damages resulting from the moving of his trailer from one location to another within the park. He appeals from a judgment in favor of Mr. Lawson.

The issues presented are whether the court erred: (1) in concluding Mr. Lawson had not violated the Mobile Home Landlord–Tenant Act or the Consumer Protection Act, and (2) in admitting certain testimony.

The unchallenged findings of fact show that on July 27, 1978, Mr. Lawson leased a space in his trailer park to Mr. Moolick for a period of 1 month at $70 per month. No written lease was executed by the parties. On August 20, Mr. Moolick informed Mr. Lawson he would be vacating the trailer park once the rental period was up on August 27. Based on this representation, Mr. Lawson leased the stall to someone else; but when August 27 came, Mr. Moolick refused to move. On August 31, Mr. Lawson moved the trailer to another stall and, on September 6, Mr. Moolick moved the trailer out of the mobile home park. After he left the park, Mr. Lawson mailed an accounting of a $70 security deposit along with a check to Mr. Moolick's last known address.

The court also found that on August 31, Mr. Lawson contacted an occupant by the name of Donna, who had been residing in Mr. Moolick's trailer, and received her permission to move the trailer to another space in the park. The trailer was moved without damage and utilities were properly hooked up, including water, sewer and electricity. The evidence on these subjects is in dispute, and error has been assigned to this finding.

Based on these findings, the court concluded Mr. Lawson's actions did not constitute unfair or deceptive acts or practices under the Consumer Protection Act, nor did they violate the Mobile Home Landlord–Tenant Act. Accordingly, Mr. Moolick's complaint was dismissed.

First, Mr. Moolick contends the court erred in concluding Mr. Lawson had not violated the Mobile Home Landlord–

Tenant Act. He argues Mr. Lawson violated the act by (1) failing to obtain execution of a written rental agreement, and (2) terminating Mr. Moolick's tenancy and evicting him from his space without initiating an unlawful detainer action.

■ RCW 59.20.060(1) provides: "Any mobile home lot tenancy regardless of the term, shall be based upon a written rental agreement, signed by the parties, . . ." The parties concede no written agreement was executed between them. Neither did Mr. Lawson give Mr. Moolick written notice of termination as required by the act, RCW 59.20-.080. On the other hand, the court found it was Mr. Moolick who gave verbal notice to Mr. Lawson that he would be vacating the mobile home park. This notice was required to be in writing. RCW 59.20.090. It is evident both parties ignored the provisions of the act and thus violated its terms. Thus, they should be estopped to claim the benefits, if any, of the act. In any event, there are no penalties for such violations specified in the act. Furthermore, Mr. Moolick failed to establish how he had been damaged by the violations.

Second, Mr. Moolick contends that a violation of the Mobile Home Landlord–Tenant Act constitutes a per se violation of the Consumer Protection Act. He argues that since violations of the Mobile Home Landlord–Tenant Act occurred, he is entitled to damages under the Consumer Protection Act. We disagree.

■ Since the Mobile Home Landlord–Tenant Act does not contain a specific declaration of a public interest, the public interest requirement of the Consumer Protection Act, RCW 19.86, is not per se satisfied. *Haner v. Quincy Farm Chems., Inc.,* 97 Wn.2d 753, 762, 649 P.2d 828 (1982). Consequently, this requirement must be established by proving each of the three parts of the public interest test announced in *Anhold v. Daniels,* 94 Wn.2d 40, 46, 614 P.2d 184 (1980):

(1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce has induced the

plaintiff to act or refrain from acting; (2) the plaintiff suffers damage brought about by such action or failure to act; and (3) the defendant's deceptive acts or practices have the potential for repetition.

We fail to perceive how Mr. Lawson's failure to prepare a written rental agreement or to give notice of termination induced Mr. Moolick to do or refrain from doing anything. On the other hand, as the findings indicate, Mr. Moolick's verbal notice of termination induced Mr. Lawson to rent the space to another person. The *Anhold* test is not satisfied.

Third, Mr. Moolick contends Mr. Lawson's testimony as to a third person's out-of-court statements were hearsay and, therefore, the court erred in admitting them into evidence.[1] ER 801(c) defines hearsay as:

a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Here, the third person's extrajudicial statements were not hearsay and thus were admissible because they were introduced to prove why Mr. Lawson believed he had permission to move the trailer and not to prove the truth of their content. *See Moen v. Chestnut,* 9 Wn.2d 93, 107–08, 113 P.2d 1030 (1941); *In re Henderson,* 29 Wn. App. 748, 751–52, 630 P.2d 944 (1981); *Puget Sound Rendering, Inc. v. Puget*

---

[1]The testimony alleged to be hearsay is as follows:

"Q Was there anybody else living there at that time?

"A Off and on during this time there was a lady staying there. I did not wish [*sic*] she was. On the 31st a girl by the name of Donna was, possibly was between the 20th and 25th, the one I talked to, and she gave me—

"Mr. KNOEBER: Objection; hearsay.

"THE COURT: Overruled. She was living there, apparently.

"A This is August 31st I talked to a lady whose first name was Donna. She was working at the Starlight Tavern and she told me that she was buying the travel trailer from Mr. Moolick. I told her that that space had been rented. She said she didn't have a place to take it. I offered her the space across the street, and I said, 'If you will let me move it over there, I will let you stay there on a daily basis or as long as you need until you have a place to move the trailer to.'

"And she says, 'That is fine.' She gave me permission to move the travel trailer."

*Sound By–Products,* 26 Wn. App. 724, 728, 615 P.2d 504 (1980). The trial judge considered these statements as they related to Mr. Lawson's good faith—a requirement of the Mobile Home Landlord–Tenant Act. RCW 59.20.010. We find no error.

In view of our holding, we need not reach Mr. Moolick's claim for attorney's fees under the involved statutes. RCW 59.20.110; RCW 19.86.090.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied February 14, 1983.