[No. 12967–1–II.   Division Two.   January 7, 1991.]

DONALD C. FISH, ET AL, *Respondents*, v. KOLDKIST
BEVERAGE ICE, ET AL, *Appellants.*

*Robert M. Hughes* (*Terrance J. Slominski,* of counsel), for appellants.

*Sanford Clement,* for respondents.

WORSWICK, C.J.—This is a trade name case.[1] We are asked to decide whether Donald and Susan Fish, who as Columbia Oil & Burner Company have sold heating oil in Clark County since 1953, are entitled to enjoin Housewarmers Oil Company, an Oregon concern, from using the name Housewarmers in Washington. The Fishes contend that they used Housewarmers as a trade name before the Oregon firm first did business here. *See Holmes v. Border Brokerage Co.*, 51 Wn.2d 746, 750–51, 321 P.2d 898 (1958) (right to use trade name belongs to one who first appropriates and uses it as trade name). We hold that the Fishes did not acquire prior rights to Housewarmers as a trade name in Washington, and we reverse an injunction in their favor.

Housewarmers Oil, which has been operating in the Portland area since 1977, began selling oil in Clark County in 1985. Three years later, the Fishes brought this action, contending that they had appropriated the name Housewarmers as a trade name in the early 1950's. The trial court's factual determination that the Fishes had done so is the central focus of the appellant's challenge and of our inquiry. We conclude that, although the Fishes indisputably used the name, the trial court erred in finding that such use was as a trade name.

■ A trade name serves the singular purpose of identifying the individuality of a business. *See Bishop v. Hanenburg*, 39 Wn. App. 734, 737, 695 P.2d 607 (1985); *Tradewell Stores v. T.B.&M., Inc.*, 7 Wn. App. 424, 432, 500 P.2d 1290 (1972). *See also* 87 C.J.S. *Trademarks* § 8, at 237 (1954). The requirement of prior appropriation, essential to protect

---

[1]The respondents did not choose to pursue any theory of unfair competition beyond their claim that the appellants were improperly using the name Housewarmers as part of their business name. Also, neither side argues the suitability of Housewarmers for appropriation as a trade name identifying a heating oil business. *See Tradewell Stores, Inc. v. T.B.&M., Inc.*, 7 Wn. App. 424, 428, 500 P.2d 1290 (1972) (discussing appropriability of words as trade name). Accordingly, the only issue we consider is whether the respondents appropriated and used Housewarmers as a trade name in Washington before the appellants did.

a trade name against use by others, is met only when—and from the time that—the name is actually used in such a way as to become associated in the public mind as the name of the business. *See D.W.G., Inc. v. Gordon's Jewelry Co. of Okla., Inc.,* 635 P.2d 326 (Okla. 1981); *Circle Cab Co. v. Springfield Yellow Cab Co.,* 137 N.E.2d 137 (Ohio Ct. App. 1954). This question of fact is resolved by examining the nature of the use. Specific business–identifying uses, such as in directory listings, tax reports, checking accounts, and business cards, to name a few, are relevant in showing first use as a trade name. *See Bishop,* 39 Wn. App. at 737.

The record in this case shows that the Fishes steadfastly identified their business as Columbia Oil & Burner Company, not as Housewarmers. They offered as exhibits several advertisements and brochures; none proved their claim. Although each exhibit used Housewarmer or Housewarmers in some way, each prominently displayed the name Columbia Oil & Burner Company, directly followed by the business address and telephone number. None of the exhibits would tend to lead a consumer to believe that the business name was Housewarmers.[2] The name was not listed in the telephone directory, and it was not displayed on the Fishes' building. Not until after Housewarmers Oil started operations in Clark County was the name placed on the Fishes' delivery trucks, and then only in addition to the name Columbia Oil & Burner Company.

As the Fishes used it, the name Housewarmers was more likely associated in the public mind with Chevron Oil Company, the Fishes' supplier. Mr. Fish testified that the word was devised by Standard Oil Company, Chevron's predecessor, for use in its distributor's advertising. Indeed, the Fishes always used the word in juxtaposition with the Chevron logo, which tended to identify it as possibly a Chevron trademark, not as the Fishes' business name.

---

[2]One typical brochure was headed "9 REASONS WHY YOU WILL SAVE AND HAVE MORE COMFORT *TRADING WITH COLUMBIA OIL AND BURNER*". (Italics ours.)

■ Substantial evidence does not support the trial court's finding that the Fishes made a prior appropriation of Housewarmers as a trade name. *Robinson v. Safeway Stores, Inc.,* 113 Wn.2d 154, 157, 776 P.2d 676 (1989).[3] Reversed.

ALEXANDER and MORGAN, JJ., concur.

---

[3]The fact that the Fishes registered the name with the Secretary of State has no bearing on whether they acquired trade name rights by prior appropriation. *Foss v. Culbertson,* 17 Wn.2d 610, 136 P.2d 711 (1943).