[No. 39816-4-I.    Division One.    January 25, 1999.]

INTERNATIONAL RACEWAY, INC., *Respondent*, v. JDFJ
CORPORATION, ET AL., *Appellants*.

*John Stephen Riper* and *Richard Miles Stanislaw* of *Stanislaw Ashbaugh Riper Peters & Beal*, for appellants.

*Robert M. Sulkin* of *McNaul Ebel Nawrot Helgren & Vance, P.L.L.C.*, for respondent.

GROSSE, J. — JDFJ Corporation, JAF Corporation, Randy Fiorito, J. Dan Fiorito, Sr., and Vera Fiorito (collectively referred to herein as JDFJ) appeal the trial court's denial of its motion for reconsideration. In that motion, arguing contrary to its complaint and the theory of the case on which it prevailed in part, JDFJ asserted that International Raceway, Inc., should be held liable for treble damages under RCW 4.24.630 (removal of timber without authority), rather than timber trespass damages under RCW 64.12.030, because International Raceway, Inc. was a lessee and therefore could not commit a trespass. The timber trespass statute, however, is not limited simply to situations equivalent to a common law trespass. It includes within its scope unauthorized logging by a lessee and RCW 4.24.630 is thus by its terms inapplicable.

## FACTS

International Raceway, Inc. (IRI) operates the Seattle International Raceway (SIR) on property it leases from JDFJ. The first lease on the property ran from 1983 to 1991. The provisions of a second lease, running from 1991 to 1996, contained a provision providing IRI with a "First Right of Refusal to Extend" the lease for an additional five-year period. But the provision failed to state a rental amount.

The lease required IRI to spend at least $100,000 a year

on improvements to the property, including expanding the parking areas. For this purpose, the lease added to the leasehold an adjacent 40 acres of heavily wooded property. But the lease required IRI to obtain written permission from JDFJ before making any alterations or improvements.

To create parking, from 1992 through 1995 IRI harvested timber on the 40 acres without first obtaining permission from JDFJ. As a result, JDFJ refused to grant IRI a lease extension. IRI filed suit to obtain a lease extension and JDFJ sued for wrongful removal of the timber. The two cases were consolidated for trial.

JDFJ prevailed in part on its pretrial motion for summary judgment. The judge held that IRI committed timber trespass when it failed to obtain written approval for the tree removal as required by the lease. The court also found that IRI's records were insufficient to show that it used the proceeds from the sale for improvements to the property in excess of the $100,000 amount required by the lease. The determination of the damages award was left for trial.

In a four-day bench trial, JDFJ sought $325,000, which it asked to be trebled for timber waste under RCW 64.12.020 or for timber trespass under RCW 64.12.030. The court denied the waste claim and refused to find willful conduct, a requisite element of timber trespass under RCW 64.12.040. As a result, the court awarded JDFJ only single damages in the amount of $100,694. The court's figure represents proceeds from the timber sales of $271,770.13, less IRI expenditures of $109,906.11 (a 15 percent reduction from actual expenditures due to nontimber removal costs), less $61,169.49 in proceeds from the 1994-95 clearing that IRI had already paid JDFJ.

The court granted IRI's request for a lease extension and set the annual rent increases at 5.5 percent. At that rate the rent in 2001 would be $251,000. This increase was similar to IRI's request to have the rents based on the consumer's price index (CPI), equivalent to approximately 3.5 percent a year. In contrast, JDFJ had sought rent in the amount of $960,000 a year.

In determining the attorney's fees and costs award, the court granted IRI $106,867 in fees and $16,271.31 in costs. The award amounted to approximately two-thirds of IRI's expenditures. Because IRI's award of $123,138.31 exceeded JDFJ's $100,649 award, judgment was entered in favor of IRI for $22,489.31.

After trial, and with new counsel, JDFJ moved for reconsideration, alleging for the first time that IRI was liable for treble damages for timber removal under RCW 4.24.630 rather than RCW 64.12.030, asking for prejudgment interest, objecting to reduction in the award for timber removal costs, and urging the court to conclude that they were the "major prevailing party." The court denied the motion, from which JDFJ appeals. Both parties request attorney's fees incurred in responding to this appeal should they prevail or substantially prevail.

## DISCUSSION
### I. Treble Damages Claim

JDFJ's complaint alleged that IRI violated RCW 64.12.030 when it harvested trees from land leased from JDFJ without first obtaining permission as required by the lease. The court ruled in JDFJ's favor but refused to find the willful conduct sufficient to justify treble damages.[1] Even though the court granted the relief JDFJ requested, in a posttrial motion and now on appeal, JDFJ argues that the trial court's finding of liability under RCW 64.12.030 was improper because IRI was a tenant rather than a trespasser.

The statute proffered by JDFJ, RCW 4.24.630,[2] states

---

[1]*See* RCW 64.12.040 (requiring single damages where a trespasser shows that the violation was casual or involuntary and not willful or reckless); *see also* *Birchler v. Castello Land Co.*, 133 Wn.2d 106, 110, 942 P.2d 968 (1997).

[2]RCW 4.24.630 provides as follows:

(1) Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal

that it is inapplicable where damages are provided for under RCW 64.12.030. RCW 64.12.030 provides treble damages when a party cuts down timber of another without lawful authority.

> Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, . . . without lawful authority, in an action by such person, . . . against the person committing such trespasses . . ., if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be.[3]

Contrary to JDFJ's contention, RCW 64.12.030 is not restricted to situations equivalent to common law trespass. In that regard, we are in complete accord with the reasoning of the Ninth Circuit.[4]

The statute's use of the phrase "such trespasses" is in reference to the unlawful acts defined by the statute, cutting down, girdling or otherwise injuring, or carrying off a tree, timber or shrub. Those acts are deemed trespasses.

> Since the statute clearly describes the statutory acts which constitute "such trespasses," we believe it would be improper statutory construction to require a common law trespass; rather, we conclude that "such trespasses" in the statute was

---

property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act. Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

(2) This section does not apply in any case where liability for damages is provided under RCW 64.12.030, 79.01.756, 79.01.760, or 79.40.070.

[3]RCW 64.12.030.

[4]*See Rayonier, Inc. v. Polson*, 400 F.2d 909, 919 n.11 (9th Cir. 1968) (noting, "The Washington legislature clearly had particular evils in mind when it enacted the treble damage statute and the legislature was not satisfied to limit recovery either to a common law form of action or a common law standard of recovery.").

used merely in the more general sense of trespass—i.e., "doing of an unlawful act or of lawful act in unlawful manner to injury of another person or property"—and the unlawful acts which are contemplated by the statute are specifically delineated therein.[5]

RCW 64.12.030 encompasses the conduct of IRI in this case and provides the appropriate measure of damages for the acts that occurred.

■ Moreover, JDFJ sought damages under RCW 64.12.030 and was awarded damages under that statute. Civil Rule 59 does not permit a plaintiff, finding a judgment unsatisfactory, to suddenly propose a new theory of the case.[6] JDFJs motion for reconsideration was in essence an inadequate and untimely attempt to amend its complaint in general, violating equitable rules of estoppel, election of remedies, and the invited error doctrine. We refuse to permit such a perversion of the rules.

## II. Attorney Fees

The trial court found that neither party prevailed on the timber trespass issue and that IRI was the prevailing party on the lease issue. The court held that the lease issue constituted two-thirds of the consolidated action and awarded IRI two-thirds of its attorney fees. JDFJ asks us to apply the "substantially prevailing party" standard used in *Hertz v. Riebe*[7] to hold that IRI should not have been awarded attorney fees because both parties prevailed on a major issue. We disagree with and decline to follow *Hertz* because it adds confusion to an issue clarified in *Marassi v. Lau*.[8]

■ Under Washington law, a court lacks authority to

---

[5]*Rayonier, Inc.*, 400 F.2d at 919 n.11 (citations omitted).

[6]*Vaughn v. Vaughn*, 23 Wn. App. 527, 531, 597 P.2d 932 (1979) (holding, "the post-trial discovery of a new theory of recovery is not sufficient reason to either grant a new trial or reconsider a previously entered judgment pursuant under CR 59[.]").

[7]*Hertz v. Riebe*, 86 Wn. App. 102, 105, 936 P.2d 24 (1997).

[8]*Marassi v. Lau*, 71 Wn. App. 912, 917, 859 P.2d 605 (1993).

award attorney fees to a party absent a contract, statute, or recognized ground of equity permitting fee recovery.[9] The basis for JDFJ's attorney fee claims is RCW 4.84.330, which states that a contract containing an attorney's fee provision entitles the prevailing party in an enforcement action to recover reasonable attorney's fees and costs. No similar statute provides for attorney's fees in a timber trespass action. But assuming that the timber trespass issue arises from the contract or that RCW 64.12.040 permits such an award in the interest of equity, JDFJ's reliance on *Hertz* is misplaced.

In *Marassi*, we held that when a case consists of distinct and severable claims, the courts must apply a proportionality approach, whereby a court must offset the attorney fees awarded the plaintiff for the claims it prevailed upon from those awarded the defendant on its prevailing claims.[10] *Hertz*, applying the "substantially prevailing party" standard to similar facts, attempted to distinguish *Marassi*, holding that where the both parties prevail on a substantial theory *Marassi* does not apply.[11] We disagree.

The general rule is that if neither party wholly prevails, "then the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties."[12] In situations such as the one at bar, where one claim constitutes two-thirds of an action and the other claim one-third, if each party prevails on an issue, the proportionality approach is the only approach that provides a fair determination of the fee award. Because in these situations "the question of which party has substantially prevailed becomes extremely subjective and difficult to as-

---

[9]*Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994).

[10]*Marassi*, 71 Wn. App. at 917.

[11]*Hertz*, 86 Wn. App. at 106.

[12]*Riss v. Angel*, 131 Wn.2d 612, 633-34, 934 P.2d 669 (1997) (citing *Marassi*, 71 Wn. App. at 916).

sess[,]" the proportionality approach is appropriate in all contract and lease cases where multiple distinct and severable claims are at issue.[13]

We also specifically decline to follow the recent case of *Hertz v. Reibe* in determining the prevailing party because we believe it to be contrary to the reasoning of *Marassi v. Lau*. We vacate and remand the attorney fee award for the entry of findings of fact and conclusions of law.

■ JDFJ also contends that the award must be remanded so that fees and costs attributable to the claims upon which IRI prevailed can be segregated from those upon which JDFJ prevailed. We agree. In *Mahler v. Szucs*, the Washington Supreme Court held that findings of fact and conclusions of law are required to support a fee award.[14] Accordingly, we vacate the award and remand so that the trial court may establish an adequate record for review.

The parties seek attorney fees and costs on appeal. Because IRI was entitled to attorney fees for its lease claims and successfully defended the trial court's award against JDFJ, it is entitled to reasonable attorney fees and costs on appeal. JDFJ's request for attorney fees on appeal is denied.

## III. Stumpage Deduction

JDFJ next argues that the court should not have reduced the damages award by the amount spent on removing the timber and grading the parking lot. Aside from its RCW 4.24.630 assertions, its claim is based primarily on the lease terms, which require IRI to pay the costs of improvements to the property. JDFJ invited the reduction of all timber-related costs, however, so it is prohibited from arguing on appeal that such a reduction was inappropriate.

■ " 'When the damage is to "timber," the landowner is generally compensated based on the "stumpage value" of

---

[13]*Marassi*, 71 Wn. App. at 917.

[14]*Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998).

the severed trees, together with other damages that are a normal consequence of the logging operation.' ''[15] JDFJ argued in its trial brief, "Presumably, stumpage value would be the sales price, less the cost of hauling and actual falling of the trees. No other offset realistically or reasonably should be considered under any circumstances."

The trial court, therefore, took the sales price of the timber, $271,770.13, and subtracted only those costs associated with the removal of the trees, $109,906.11. In reaching the figure associated with the removal of the trees, the court took the actual cost of $129,301.31 and reduced that amount by 15 percent, an estimate of the costs associated with grading of the parking lot. It is a well-settled rule " 'that a party cannot successfully complain of error for which he is himself responsible or of rulings which he has invited the trial court to make.' ''[16] The trial court's actions were in accord with JDFJ's request, and, as a result, JDFJ's claim fails.

## IV. Prejudgment Interest

■ JDFJ also argues that it is entitled to prejudgment interest. This court has unequivocally held that "[p]rejudgment interest is not allowable upon the jury award in a timber trespass case brought under RCW 64.12.030."[17] "[W]hen a plaintiff elects to seek recovery under the treble damage section, only three times the value of the trees wrongfully cut may be recovered, and interest may not be granted upon either the compensatory or the punitive portion of the award."[18] Therefore, JDFJ's claim was properly denied.

For the foregoing reasons, we affirm the judgment, vacate and remand the attorney fee award, and award IRI reasonable attorney fees and costs on appeal.

---

[15]*Birchler,* 133 Wn.2d at 111 (citation omitted).

[16]*Graham v. Graham,* 41 Wn.2d 845, 851, 252 P.2d 313 (1953) (citation omitted).

[17]*Ventoza v. Anderson,* 14 Wn. App. 882, 897, 545 P.2d 1219 (1976).

[18]*Id.* at 897.

KENNEDY, C.J., and COLEMAN, J., concur.

Reconsideration granted in part and opinion modified August 24, 1999.