IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TERSULI CONSTRUCTION SERVICES, LLC, a Washington State limited liability company, and TRENT GABEL, a married man,<br><br>               Respondents,<br><br>        v.<br><br>RYAN MILETICH and RACHEL MILETICH, husband and wife, and the marital community comprised thereof, and ARMATA CONSTRUCTION SERVICES, LLC., a Washington State limited liability company,<br><br>               Appellants. | No. 82238-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — This is our second review of this case involving a dispute between former business partners and the resulting sale of one partner's share of the business to the other partner. In the first appeal, we remanded the trial court's final order following a bench trial (1) for entry of findings of fact and conclusions of law explaining the legal basis and reasonableness of the court's award of attorney fees and (2) to subtract a designated amount from lost profit damages and calculate prejudgment interest on the lower amount. The trial court entered findings on remand that identify the legal basis for the fee award and explain the amount of the award, and recalculated lost profits damages and

interest. The trial court's findings are sufficient to enable appellate review and the award of fees was within the court's discretion. We affirm and award fees on appeal to the respondents.

FACTS

This court's previous unpublished opinion set forth in detail the facts leading to the first appeal. Tersuli Constr. v. Miletich, No. 78906-6-I, slip op. (Wash. Ct. App. May 18, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/789066.pdf. Briefly, in 2009, Ryan Miletich and Trent Gabel formed Tersuli Construction Services, LLC, a general contracting business. Several years later, a dispute arose and Miletich agreed to sell his 50 percent interest in Tersuli to Gabel for $350,000 and then formed his own company, Armata Construction Services, LLC. Gabel made the first payment of $200,000 in 2016 when the parties executed the settlement agreement. The agreement included non-solicitation provisions as to Tersuli's "customers" and "employees." Also, as part of the agreement, Miletich represented that he had not initiated contact with any Tersuli customers about transferring projects or with Tersuli employees about employment with his new business.

After discovering facts leading him to believe that Miletich breached the 2016 settlement agreement, Gabel did not make the second required payment. In 2017, Gabel and Tersuli (collectively, Gabel) sued Miletich and Armada (collectively, Miletich), raising several claims, including breach of contract, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. The trial

court granted summary judgment in favor of Gabel on liability as to breach of fiduciary duty. Then, in 2018 after a four-day bench trial, the court entered findings of fact and conclusions of law. The court concluded that, in addition to breaching his fiduciary duty, Miletich breached certain terms of the settlement agreement, his employee duty of loyalty, and duty of good faith and fair dealing. The court entered a judgment in favor of Gabel for damages of lost profits, but also ruled that Miletich was entitled to an offset based on the unpaid second installment payment. The court also awarded attorney fees of $150,000 to Gabel, finding that the hourly rates charged by Gabel's counsel were reasonable and the time spent by counsel was "both reasonable and necessary to achieve the results obtained."

Miletich appealed several aspects of the trial court's decision, including its award of attorney fees. We determined the trial court had discretion to award attorney fees based on Miletich's breach of his fiduciary duty, but that the court's findings did not support such an award based on a breach of the agreement or breach of the duty of good faith and fair dealing. However, we held that the court's findings of fact and conclusions of law supporting the award were insufficient to permit appellate review of its ruling. We also concluded that the trial court erred in calculating the net lost profit (by failing to subtract $75,000 in overhead costs). Accordingly, we remanded "for the trial court to enter findings of fact and conclusions of law explaining the legal basis and reasonableness of the award of the attorney fees consistent with this opinion." We also directed the

trial court to "remove the 'offset' of $75,000," to subtract that amount from the award lost profits, and calculate prejudgment interest on the lesser amount.

In September 2020, Gabel filed a motion in the trial court for an amended order on attorney fees, seeking an order that identified breach of fiduciary duty as the legal basis for the award and explained the court's decision to award $150,000 of the $186,690 in fees requested. Gabel's counsel argued that segregating fees related to the breach of fiduciary duty claim was not possible because all claims "were related to the parties' contractual and business relationship and involved the same underlying facts." Counsel stated that breach of fiduciary duty was the broadest claim alleged in the complaint and that, even if it had been the sole claim, he would have taken the same "approach to discovery, motion practice, [and] trial preparation." Gable's counsel said that none of the legal work could be "easily deciphered and segregated" from the work related to the fiduciary duty claim. Nevertheless, counsel characterized the court's reduction of fees as a limited "segregation" and stated that this court's decision provided no basis for "further segregation."

Miletich, on the other hand, asked the court reverse its decision on fees because Gabel failed to comply with his obligation to segregate fees. Alternatively, he urged the court to either (1) "drastically" reduce the fees awarded due to time spent on multiple claims that did not support a basis to

award fees, or (2) use a proportionality approach in view of his right to a substantial offset.[1]

The court granted Gabel's motion. The amended order awarded fees of $155,697, which included additional fees of $5,697 Gabel requested.[2] The court specifically found that Gabel was entitled to fees as a result of the breach of fiduciary duties. The court incorporated the finding from its original order that the hourly rates charged by Gabel's counsel were reasonable and commensurate with the Seattle market for similarly-sized firms, given the practice area and level of experience. The court also included its prior finding that time spent by counsel was both "reasonable and necessary." The court provided the following explanation for its 20 percent reduction in the fees awarded:

> The amount of fees initially claimed by [Gabel] is reduced to account for time spent by [Gabel's] counsel on claims for which fees were not awardable. This court finds that the facts involving the breach of fiduciary duty were interwoven into other claims, such that segregation was not reasonable. In concluding that $150,000 was reasonable the court looked at the breadth and depth of the claims upon which [Gabel] prevailed and determined that, regardless of the other claims, $150,000 was reasonable in light of the amount of work involved in preparing the case.

Ten days later, on October 29, 2020, Gabel filed a notice of presentation and a proposed amended judgment. The matter was set to be heard without oral argument on November 12, 2020. As directed by this court, Gabel's proposed judgment reduced the amount of damages for lost profits and applied interest on

---

[1] This court had previously rejected Miletich's related argument on appeal that he was the "prevailing party" below because his net recovery was greater than Gabel's.

[2] Gabel's motion for an amended order on fees requested additional fees for amounts incurred in the trial proceedings before Miletich filed the first notice of appeal.

5

the lesser amount. And consistent with the original 2018 judgment, Gabel's proposed judgment also applied prejudgment interest to the amount of Miletich's offset.

Meanwhile, on the same day, Miletich filed a motion to reconsider the amended order awarding attorney fees. Gabel opposed the motion. Miletich, however, filed no response to Gabel's proposed amended judgment.[3] On December 3, the court denied the motion for reconsideration and entered an amended judgment.

On December 14, Miletich filed a motion seeking entry of a revised/amended judgment, and reconsideration of the amended judgment. Miletich argued, among other things, (1) Gabel was not entitled to prejudgment interest on damages for lost profits, (2) to the extent Gable was entitled to post judgment interest on damages and/or attorney fees, such interest accrued from the date of 2020 amended judgment, not the date of the original 2016 judgment, and (3) the court's findings supporting the attorney fee award were insufficient. The trial court denied the motion. Miletich appeals.

Failure to Comply with the Mandate to Enter Sufficient Findings of Fact

Miletich argues that the trial court failed to comply with this court's mandate and violated the law of the case because its findings do not adequately articulate the basis for its calculation of attorney fees. Therefore, Miletich

---

[3] It appears that Miletich's response was due on November 5. See KING COUNTY SUPER. CT. LOCAL CIV. R. 7(b)(4)(D) (opposing documents must be filed and served no later than 4:30 p.m. four judicial days before the date the motion is to be considered)

6

contends that the amended order does not enable considered appellate review. Specifically, he claims the findings do not reflect that the court considered and applied the factors set forth in Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998).

The scope of remand is determined by the appellate court's mandate. State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). In this case, we remanded for the court to enter findings and conclusions "explaining the legal basis and reasonableness of its award of attorney fees" in order to enable appellate review. In doing so, we noted that the court's findings did not "delineate between claims for breach of the Agreement and/or breach of one of the common law duties" and "failed to explain the rationale" for the difference between the fees awarded and the amount requested.

"Fee decisions are entrusted to the discretion of the trial court" but that discretion must be "exercised on articulable grounds." Mahler, 135 Wn.2d at 435. In calculating fees, the trial court must supply findings of fact and conclusions of law sufficient to permit this court to determine why the trial court awarded the amount in question. SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 144, 331 P.3d 40 (2014). Adequate findings must address (1) whether the hourly rates were reasonable and (2) whether the attorney services were essential, duplicative, or unnecessary. Mahler, 135 Wn.2d at 435.

The court "must take an *active* role in assessing the reasonableness of fee awards," and should not "simply accept unquestioningly fee affidavits from counsel." Mahler, 135 Wn.2d at 434-35. In other words, the findings must show

that the court "actively and independently confronted the question of what was a reasonable fee," including consideration of objections, resolution of disputed factual issues, and an explanation of the court's analysis. Berryman v. Metcalf, 177 Wn. App. 644, 658, 312 P.3d 745 (2013).

We review the reasonableness of the attorney fee award for an abuse of discretion. White v. Clark County, 188 Wn. App. 622, 638, 354 P.3d 38 (2015). "A trial court abuses its discretion regarding the amount of attorney fees when its decision is manifestly unreasonable" or based on untenable grounds or reasons. White, 188 Wn. App. at 638-39.

As required by our decision in the first appeal, the trial court's amended order identifies the legal basis for the award of attorney fees. And the findings incorporated from the original order address the first aspect of Mahler—the reasonableness of counsels' hourly rates. Miletich does not challenge the sufficiency of those findings.[4]

Miletich focuses on the second aspect of Mahler and contends that the trial court did not make adequate findings to explain why the fee award is reasonable. He claims the court's findings do not indicate how it accounted for the fact that Gabel prevailed on only one claim that provided a discretionary basis for an award of fees. And Miletich argues that this court's mandate

---

[4] Miletich does, however, argue that the trial court merely made "bald" findings, comparable to those in Crest Inc. v. Costco Wholesale Corp., 128 Wn. App. 760, 773-74, 115 P.3d 349 (2005). But in that case, the court articulated a local prevailing hourly rate and limited fees to that rate, without any explanation. Crest, 128 Wn. App. at 773-74. The facts and findings here are not analogous.

required the court segregate the fees for time spent on other claims, and it was not sufficient for the court to simply reduce the amount of fees.

As a general matter, "[i]f attorney fees are recoverable for only some of a party's claims, the award must properly reflect a segregation of the time spent on issues for which fees are authorized from time spent on other issues." Mayer v. City of Seattle, 102 Wn. App. 66, 79-80, 10 P.3d 408 (2000). Nevertheless, our prior decision did not mandate segregation of counsel's time. We observed that the court's initial findings did not specify the legal basis for awarding fees or "delineate" between claims based on the agreement and those based on the breach of common law duties. We took note of Miletich's position that the court was required to segregate time if the only basis for fees was breach of fiduciary duty because the court granted summary judgment as to liability on that claim. As we acknowledged, the need for segregation was dependent on the court's determination of the basis for fees. And once the court determined the basis for fees, our mandate required the court to delineate between the different claims, or in other words, to address and differentiate between the claims with reference to the legal basis for fees.

A trial court need not segregate time "if it determines that the various claims in the litigation are 'so related that no reasonable segregation of successful and unsuccessful claims can be made.'" Mayer, 102 Wn. App. at 80 (quoting Hume v. Am. Disposal Co., 124 Wn.2d 656, 673, 880 P.2d 988 (1994)). And a "court is not required to artificially segregate time . . . where the claims all

relate to the same fact pattern, but allege different bases for recovery." Ethridge v. Hwang, 105 Wn. App. 447, 461, 20 P.3d 958 (2001).

In Ethridge, the plaintiff prevailed on all three theories raised in the complaint. Ethridge, 105 Wn. App. at 461. Although only two of the three claims authorized attorney fees, the trial court awarded all requested attorney fees. Etheridge, 105 Wn. App. at 461. On appeal, the defendant challenged the fee award because the trial court failed to segregate the fees. Ethridge, 105 Wn. App. at 460-61. This court affirmed the award because each of the plaintiff's claims involved the "same core of facts." Ethridge, 105 Wn. App. at 461. Segregation was not necessary because the claim which did not provide a basis for fees required the "same preparation" as the other claims and "nearly every fact in this case related in some way to all three claims." Ethridge, 105 Wn. App. at 461.

Likewise here, Gabel sustained his burden of proof with respect to several claims alleged in his complaint. All of the claims represented alternative theories of recovery that stemmed from the same factual circumstances surrounding Miletich's conduct in transferring his interest in Tersuli and withdrawing from the company in order to run his own business within the same industry. Even though the court granted summary judgment as to liability for breach of fiduciary duty, this still left significant factual determinations for trial about Miletich's redirection of projects and clients to his own business—facts that appeared to be relevant to his other claims. We see no basis to disturb the trial court's discretionary determination that counsel's time could not be segregated due to the overlapping

claims arising from a common set of facts. See King County v. Vinci Constr. Grands Projects/Parsons RCI/Frontier-Kemper,JV., 188 Wn.2d 618, 634, 398 P.3d 1093 (2017) (reviewing trial court's determination regarding whether time could be segregated for an abuse of discretion).

Notwithstanding its determination that segregation of time was not "reasonable," the trial court still addressed the distinct claims. The court reduced the fee award by approximately $37,000 to account for time spent on claims for which fees were not awardable. In doing so, the court considered the "breadth and depth" of the claims on which Gabel prevailed and determined that $150,000 was reasonable "in light of the amount of work involved in preparing the case." This finding reflects the court's active and independent evaluation of the reasonableness of the fees.

The trial court's findings which support the award are sufficient to enable review in accordance with our mandate and did not violate the law of the case. Based on those findings, we cannot say the trial court abused its discretion.

<u>Issues Related to Amended Judgment</u>

Miletich challenges (1) the award, calculation, and rate of prejudgment interest on damages awarded to Gabel for lost profits, (2) the award and calculation of interest on attorney fees, and (3) the calculation of prejudgment interest on the offset for the unpaid installment payment.

Miletich did not object to Gabel's proposed amended judgment, submit an alternative proposed judgment, or otherwise bring any of the above issues to the trial court's attention before entry of the amended judgment. He did challenge

the award of prejudgment interest on lost profits and the timing of the accrual of post judgment interest on attorney fees, but not until he filed a motion to reconsider the amended judgment. In that motion, Miletich cited CR 59(a)(1),[5] and argued there was an "irregularity in the proceedings" because of the "simultaneous" filing of Gabel's notice of presentation and his motion to reconsider the amended order awarding attorney fees and costs. Miletich explained that until the court resolved his motion to reconsider, he could not "meaningfully object" to the proposed amended judgment and it did not "serve judicial economy" to do so. Miletich's contentions failed to establish an irregularity or any other basis for reconsideration under CR 59.

In any event, CR 59 does not permit a party to assert new issues that could have been raised before entry of an adverse decision. JDFJ Corp. v. Int'l Raceway, Inc., 97 Wn. App. 1, 7, 970 P.2d 343 (1999). And a trial court need not consider new or additional claims or evidence on a motion for reconsideration. Martini v. Post, 178 Wn. App. 153, 162, 313 P.3d 473 (2013). The trial court here did not abuse its discretion in denying Miletich's motion for reconsideration in which he challenged aspects of the amended judgment for the first time. See Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005) (motions to reconsider are left to the sound discretion of the trial court, and we will not reverse a trial court's ruling absent a showing of manifest abuse of discretion).

---

[5] CR 59(a)(1) provides for reconsideration based on an "[i]rregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial."

Miletich did not challenge the award of interest on attorney fees or the calculation of prejudgment interest on the offset below at any time.[6]   Generally, this court will only address issues that were raised in the trial court. RAP 2.5(a). There are three exceptions to this general rule: (1) the trial court lacked jurisdiction, (2) facts were not established on which relief could be granted, and (3) a manifest error affecting a constitutional right. RAP 2.5(a)(1)-(3).  Miletich's claims of error related to interest on amounts awarded in the judgment do not qualify under these exceptions and we decline to consider them.

Fees on Appeal

Both parties request attorney fees on appeal.  RAP 18.1(a) allows this court to award attorney fees and costs on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses."  We will award attorney fees to the prevailing party "only on the basis of a private agreement, a statute, or a recognized ground of equity." Equitable Life Leasing Corp. v. Cedarbrook, Inc., 52 Wn. App. 497, 506, 761 P.2d 77 (1988).  The trial court awarded fees to Gabel

---

[6]  The issue of whether Gabel was entitled to prejudgment interest on lost profits could have been raised in his appeal of the trial court's 2018 judgment. And Miletich did, in fact, challenge the rate of interest, and we rejected his claim.  The law of the case doctrine generally precludes this court from reviewing issues that a party raised, or could have raised, in a prior appeal from the same case.  State v. Worl, 129 Wn.2d 416, 424-25, 918 P.2d 905 (1996); Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988).

based on a recognized equitable ground, breach of fiduciary duty. Because Gabel has prevailed on appeal, we also award his reasonable attorney fees and costs incurred on appeal on this basis, upon compliance with RAP 18.1.[7]

We affirm.

_____

WE CONCUR:

_____                    _____

---

[7] Both parties also request fees on appeal under the attorney fee provision in the May 2016 settlement agreement and RCW 4.84.330. Where, as here, the agreement at issue contains a bilateral attorney fee provision, RCW 4.84.330 does not generally apply. Hawk v. Branjes, 97 Wn. App. 775, 780 986 P.2d 841 (1999). Morevoer, as we explained in the first appeal, in the absence of a finding of breach and resulting damages, the contract did not provide a legal basis for the trial court's award of attorney fees. Accordingly, the contractual attorney fee provision does not authorize fees on appeal under RAP 18.1.